Okay, we call up our next case, number 20-30193, Damon Ryan, Brian Bilbo versus Phillips 66, and we know we have a companion case that was consolidated in this case, so the panel does have both the cases before us. It's presented to us in briefs, almost like a bar exam question, so we are looking forward to the illumination that both of you are going to give to Judge Duncan and to Judge Wilson as they figure this figure this out. So with that said, Ms. Beard, I think you're up first, so we'll hear from you. Yes, sir. May it please the court. Good morning. I hope y'all fared the hurt as well as possible. I know we've been dealing with some of here. I'm here this morning on behalf of Damon Ryan, Brian Bilbo, Greg Harrison, Brian Thomas, and Skipper Thomas Jr. As you've said, this is a case that's been consolidated, but where they differentiate is Damon Ryan and Brian Bilbo is a little bit different, so I wanted to just go ahead and talk about them first. There were actually workers' compensation claims that were filed on behalf of these gentlemen, and they were filed on April 22nd of 2019, and that was about four months prior to the tolling of prescription, and any inclusion of a non-diverse party wouldn't have affected or would not have been outcome determinative for those guys' claims simply because prescription had been interrupted prior to the filing of the federal suit. Ms. Beard, when did the workers' comp as a means of interrupting prescription, was that raised below as an argument? So it was raised in my appellate brief, and then it was raised not in my response to the initial motion to dismiss for prescription. I didn't even realize until after I had submitted my brief and was having a conversation with one of my co-counsels, and he's like, well, you know, didn't you file workers' compensation claims? And I was like, well, yeah. He said, well, you should have included that, that interrupted prescription, at least as to those two guys, and I guess maybe I compartmentalized it so much in my mind that completely disregarded it for the federal suit, which obviously I should not have. So when was it raised below? It was raised in a motion to reconsider, and that was after the ruling. We filed a motion to reconsider, and it did have that information in there, and I feel like the court's failure to consider that in the motion to consider, you know, resulted in a bad ruling. Okay. Yes, sir. Just to be clear, counsel, it could have been raised at the time that the motions to dismiss were being initially litigated. Yes, sir, and that's absolutely my mistake, and that's kind of somewhat of what I want to get into is, so we talk about some of the other things like Rule 15 and how that relates back, and I believe that there's a desire there for suits to be maintained, and when they raised it, and I My motion to reconsider is where I included it because I felt like before the case is completely over that the judge did need to know that this information was there, and yes, I should absolutely have included it, and I did not, and that's just really a shame on me, but at the end of the day, I do believe that our laws do allow for people to correct mistakes that were made. Yeah, I mean, look, I was just asking when it was raised. That's all. That's all I was asking. My first time, in case you can't tell, so I was like, really. First time arguing in this court? Yes, sir. Well, I remember that. I was terrified when I had to argue in front of these judges, including, I think Judge Stewart was one of the first judges I ever argued in front of. I was petrified. The, you did raise, did you raise Rule 15, Federal Civil Procedure 15? Yes, sir. In your opposition to motion dismiss on the idea that the amended complaint should relate back. Yes, sir. I did raise that, and I believe that, you know, it should relate back. At the time of filing, I did include a non-diverse defendant in both pursuits, and I subsequently filed a motion to dismiss the non-diverse person, as well as amended my to apply. There needs to not be a new claim that was added, which there was not. There needs to be no new party added after the time of prescription, which is not like a know-all, end-all. We didn't add a new party. We didn't add a new claim, and there's really no prejudice in this case to the people that were named at the date of the original filing, and so whenever I obviously, but even if we would have filed in state court, the defendants probably wouldn't have been served until well after September 4th, because I know state court service that a lot of times will take longer to serve people, so that just for me, there's just no prejudice. Yeah, I mean, so the service doesn't help you interrupt prescription, as I understand it, because they're served after prescription run. Yes, sir. What you need is for it to relate back, that's your argument, right? Yes, sir. Relate back and sort of cure the original defect. Yes, sir, for sure, but if the court doesn't love that argument, then I'm also... I didn't say I didn't love it. As a matter of fact, I thought our precedent specified that Rule 15 does apply even in diversity suit. Is that your view of our cases, or have I got that wrong? Well, sir, I think that it does, and like I said, I'm so nervous that I can't point to specifically which piece of case law or jurisprudence sets that forth right now, but... Just calm down. You're doing good. Just slow down, and you've got it. I mean, you're good. The purpose of oral argument, we've read your briefs, but the purpose of oral argument is to help clarify, and so as judges, we just want to hear from you. We're not judging you. I mean, that's what we do, unscramble errors made and that kind of thing, so just think through it as your opportunity to clarify for us what happened. We take the case as presented, but you're doing good, so just keep going. Thank you. So there's another issue that I raised as well in my brief, and that is the issue of that prescription cannot run against a person that knows not by whom they have been harmed, and I noticed from following... So you're going to give us a little Latin to salve the wounds of the faux pas. Is that it? Judge Stewart and I both know all about that, Dr., and Judge Wilson probably does not know about it because he is not from Louisiana, but please continue. Oh, yes. Well, I had spoken to an attorney from Texas, and I said, I've got an argument for contra non volentum, and he goes, what is that? And I was like, okay, well, I'm going to address that specifically. Please do address that. How does that help you? So in this case, I don't... There was a release on August 22nd of 2018. However, my clients were not aware of who released what. They did know that there was a release, and so the concept of contra non volentum is if I don't know who's harmed me, then prescription can't start to run until that time, and in this case, I believe that Westlake and Phillips 66 are really kind of relying on their disclosure to the LDEQ to service some type of notification to the public that there was a release and that somebody has been harmed, and there are some issues with regard to the dates that the LDEQ received some documentation from Phillips and Westlake. So what I have shown in some of the attachments that I've included with my brief and that what we had addressed in the motion to reconsider was that the LDEQ did not receive the paperwork as accepted until September the 24th, and that's where the date of the service really kind of comes in because regardless if I included a non-diverse defendant, that prescription would have been interrupted by the service on the defendants on September 4th, and so I used to work at the DEQ when I was in college, and even though they received it on the 24th, I know without a shadow of a doubt in my mind that that was not uploaded on their website that same day, and if the defendants are using that as some form of notification to the public, then I just don't think that first off it's not sufficient to notify the public that there was a chemical release. I mean is it is it a little difficult for you on the contra non argument that does it create a difficulty for you that you in fact did bring a lawsuit within the prescriptive period it just was you just included a non-diverse defendant I mean is that intention with you well I didn't know so you know I didn't know the person I didn't know about it so prescription shouldn't run against me but evidently you didn't know to some extent right otherwise that's why you brought the lawsuit yes sir but um whenever I filed the original suit I filed against Sasol North America who I thought actually had made the release and then I also included the neighboring facilities by chance because I said well if one of the facilities released and they were talking about how there weren't alarms going off at Sasol so I said well let me go ahead and include these other people so that if I file that there won't be any prescription issues which is obviously a universal joke on me absolutely if I may ask a question to build on that and I am a Mississippi lawyer not a Louisiana lawyer but as but as I hear you talk about contra non-valentum it's basically what we would call over here the discovery rule in other words the statute of limitations doesn't begin to run until you would have discovered your injury is that basically what your argument is um not necessarily the injury because I believe the injury was there but they just didn't know what all defendants needed to be included which is why I took a shot in the dark and included of the neighboring facilities as well so in Lake Charles that's uh I'm sure there are multiple but there are three facilities and they're all right next to each other my gentlemen were working on one facility something happened no at the time nobody really knew um and they couldn't breathe they're running around they didn't know where the harmful fumes and the chemicals were coming from they just freaked out and started running and then of course their employers took them to doctors and they just kind of progressed from there and but we filed against Sasol and then I also included an Phillip 66 and Westlake chemical had released chemicals that breached the perimeter of their facility until November 4th of 2019 because we had received discovery in the workers comp claims and and the stuff that they sent to the DEQ all said yeah we released chemicals but it didn't escape the bounds of our perimeter because we have I guess they have some type of notification that that it didn't breach that we'll come to find out it did breach their perimeter and it was completely a shot in the dark to have in the first place and yes if Sasol was the wrongdoer absolutely they would have been the right person to sue and everything would have been good as far as prescription to them however we didn't actually know that Westlake chemical and Phillip 66 had released the chemicals until well after that after I'd even filed this suit let me let me if I could ask you another Louisiana law question this goes back to the rule 15 and prescription issue so rule 15 is a procedural issue of a procedural rule that we would apply in procedural matters in federal court we would still follow state substantive law correct yes sir so so my question is article 3462 which is I understand it is the is the provision relating to prescription uh the question I have is does does the relation back doctrine under rule 15 does it serve to correct an improper or incompetent venue such that prescription is interrupted or do you go by the original filing in other words what is Louisiana substantive law on whether the relation back can interrupt prescription well my opinion is that the rule 15 would relate back to the date of the initial filing and so what I feel like the defendants are trying to get you to do here is to take Louisiana procedural law and apply it to this because prescription would be well just so I think I think what Judge Wilson is asking is what would be the rule under Louisiana law that is that that I think that's what he was asking does Louisiana understand that well the rule under rule 15 is whatever it is right Louisiana have a different rule with respect to relation back no prescription no sorry it doesn't I and that was kind of my point is if you want to always be in a procedural law which is not right really um in my opinion of course um there's still an avenue to go to relate back I mean both I mean the state law and federal laws both have an avenue for you to relate back to the date of the original filing well I get I get that the the origin the amended filing would relate back to the original filing my question though is as of the original filing the the federal court where the suit was instituted wasn't a competent venue correct for prescription um if you apply Louisiana state law because of the non-diverse defendant is what he's saying yes because the non-diverse defendant under Louisiana law yes that would be incorrect but the prescription wouldn't have been interrupted as of the initial complaint right for Louisiana law but my question is when you file the amended complaint assume that the amended complaint relates back under rule 15 is that under Louisiana substantive law sufficient to interrupt prescription in other words you're basically doing it retroactively I am doing it retroactively but I really feel like you're not violating any substance in any substantive law for Louisiana because when you that's my question counsel is where can I go to I'm a Mississippi lawyer so I apologize for the ignorance but where do I go in Louisiana law to to find a case or some authority that says that prescription can be interrupted retroactively under the relation back doctrine I'm not sure so you're not aware of a case that would point me in that direction I'm if I've had an opportunity to research for one I'm sure I could probably find one but I just am drawing a blank on it right now all right well you've you've reserved some time for rebuttal so you can sort of contemplate on Judge Wilson's question and perhaps in that space if you have an answer to it you certainly have an opportunity on rebuttal to respond to that question and whatever else you may want to okay so we will shift and let's hear from Ms. Landry may it please the court Catherine Landry on behalf of Westlake Chemical Corporation and I'll also mention that Phillips 66 has ceded their oral argument time to me this morning so the arguments I'll be making today are applicable for both appellees we really have two separate issues before the court this morning one is the ruling on dismiss on grounds of 3492 and 3462 under Louisiana civil code and then we have the separate issue with the motion for reconsideration and the late filed arguments and evidence that was attempted to be introduced so as far the first argument and I know that Judge Duncan was asking about what was raised at what time our position is that the district court properly dismissed appellant's claim is prescribed under the Louisiana civil code provisions this was at the time of ruling on the motion to dismiss on grounds of prescription a federal court sitting in diversity applying Louisiana substantive law because these were Louisiana negligence claims and those provisions of the Louisiana civil code set forth by the Louisiana legislature provide the time frame for filing suit the elements of the cause of action and in response to Judge Wilson's question it also obliged provides for the court the guidance as to what constitutes an interruption of prescription so under 3462 which is directly on point to Judge Wilson's question prescription is interrupted according to the Louisiana legislature when when a plaintiff files suit against a defendant within the one-year period in a court of competent jurisdiction if for some reason the plaintiff screws it up it happens and they file an incompetent court or a court of improper venue then they have to serve the defendants within the one-year period based on the facts that before the court in this record suit was filed on August 20th 2019 which was within the one-year period we grant that we concede that the problem is the service was not confected until after the one-year period the fact that the court did not have jurisdiction at the time of filing it what didn't there was no federal question before the court and admittedly there were non-first defendants that were included in the original petition such that the filing did not interrupt prescription under 3462 it was a clear application of Louisiana law by federal courts sitting in diversity the law is clear it's a one two you have to tick these boxes they were not ticked here and there's there's no error the second issue that's uh it's really sort of a separate issue which is under rule 59 and 60 the motion for reconsideration and this before you go there let me interrupt you let's let's stay a minute on this um the prescription interruption issue so so what of the discussion about rule 15 and whether the amended complaint uh which appeared to cure the defect in jurisdiction and and the relation back what does Louisiana's law say in substance as far as the applicability of our federal procedure rule 15? Well we're sitting in federal court so the federal I'm looking at federal case law here and the federal case law says that rule 15 cannot revive a prescribed claim and I've cited three different cases. What is your best case for that I mean that's the key issue in my view what's your best case for that from our court or the supreme court? Sure Calhoun v. Ford uh 625 fed second 576 out of the fifth circuit 1980. Chucky v. Webb 785 fed second 534 fifth circuit 86. Mullen v. Sears 887 fed second 615 fifth circuit 1989. What proposition do you say those cases stand for? That rule 15 can't be used a federal procedural rule to revive a prescribed claim so we have under Louisiana substantive law the claim is prescribed and appellants are attempting to use procedural rules to back channel this and go back to extend the life of a claim when the Louisiana legislature has already set forth the rule this is it you have a year to file suit and these are the requirements that you have to do you have to follow the court of competent jurisdiction or if not you have to at least serve the defendant so they have notice within the year period so that's where I'm going with that judge. So you your argument in a nutshell is that federal because the state substantive law is is up front and centered the federal procedural rule rule 15 cannot by relation back revive a claim which is prescribed under Louisiana substantive law the civil code article that you mentioned. Correct and to do so uh to to follow what the appellants are arguing we would end up with inconsistent results in federal court claims versus state court claims so if we had this exact scenario but we have it in an incompetent state so for example an appellant sued Westlake on August 20th 2018 to 2019 but in state court and it was in an incompetent venue or incompetent jurisdiction say they filed in Catahoula Parish and then just as here they served Westlake on September 4, 2019. So basically the exact same scenario we just lifted up and put it over in an incompetent state court this case on its face is long. Now if the federal court then allows this backdoor argument using federal procedural rules we're going to have inconsistent results when this scenario comes up again which it will in state court versus federal court. Counsel is it any moment at all that there's not a ruling in this case ever until you get to the 12b6 motion that that there was no jurisdiction. In other words the case wasn't dismissed on 12b1 grounds right? Correct we I'm sorry. The court denied the 12b1 motions I guess it's moot once it allowed the plaintiffs here to drop the non-diverse defendants in their amended complaint and by their I guess their voluntary dismissal motion correct? Correct they did. So so is there any moment to that that in other words there's not an order anywhere that the district court entered finding that it lacked jurisdiction until again it gets to the 12b6 motions where it clearly was exercising jurisdiction to dismiss the claims. By that time jurisdiction had been fixed but the court properly looked back to the time of filing and that this court has already addressed in Anderson versus Phoenix of Hartford arising out of the western district very similar situation and this court found that pure diversity has to exist at the time of filing between the plaintiff and all defendants. So although the court sitting in diversity can look now at the motion to dismiss on grounds of prescription it's bound to look back to the time of filing to see if diversity jurisdiction or any jurisdiction existed at that time. So is it the you said the suit was you know properly filed timely initially is it the failure of proper service of process within the one year period is that the Achilles heel ultimately for you know the plaintiff's claim going down in ashes? Because it was filed in an incompetent jurisdiction yes that is the problem they did not achieve service within the one year period. And to the other piece of that that's before the court this morning on the motion for reconsideration under 59 and 60 that's where and Judge Duncan was asking about this some of the other arguments and information were raised for the first time on the motion for reconsideration for example the contra non-valentum argument and claims about the workers compensation claims being asserted. You know this court has already spoken on 59 and 60 and and clearly stated those are extraordinary measures that should be utilized sparingly that's template the hydrochem and to be clear this is not a new argument this is not new evidence. The arguments that are being made on the motion for reconsideration were available they were known to workers compensation proceedings and signed those documents as represents them in the negligence proceedings before you. So it's not that this information wasn't known. I know that as I recall the motion here to bring up workers comp and contra non was called a rule 59 or rule 60 right. Is it the case though that in fact I mean that that might have now the district court understandably treated it as such but was it not in fact a rule 54 motion in substance because it was interlocutory which would have given the district court some more leeway to consider these new arguments? Well but that's exactly what the court had under 59 and 60 it's a may the court may consider this new evidence if it so chooses. It doesn't have to and so it was not an abuse of discretion because the information and the arguments were available to appellants from the outset. Had they been raised we could have briefed the issues presented it to the court and the court could have considered it. They're asking they asked the court in a motion for reconsideration for a second bite the apple and now we're here today for a third bite the apple when these arguments and the cases and the evidence that they're alleging could have been brought to the court's attention and our attention earlier. I mean there's been some comments made that we knew or should have known about the workers' compensation proceedings. I mean they're not our employees they're not our bar employees. We Westlake and Phillips 66 were not named or parties to the workers' compensation proceedings. They're not public record. It's not like we were made aware of that information. The time to make us aware of it and the court aware of that then we could have responded to that. There are also some comments made about the contra non and I'll go back to that as well just to make sure I get this on the record that at Westlake and or Phillips 66 may have misled appellants about certain information or fail to provide them with certain information and again those are arguments and allegations of counsel. There is no evidence in the record to support such a claim. In fact the evidence that appellants have submitted to the court on the motion to reconsider which should the court deign to review that information indicates to the contrary. On the very day of the admission the admission occurred energy loss power. There was a power outage affected several plants in Lake Charles. As anybody knows from drawing along I-10 through Lake Charles there's a whole bunch of chemical petrochemical plants all in the same vicinity. It affected all of them. That day it happened at 1 15 in the afternoon and within minutes of the outage Westlake was reporting it. They reported it to Louisiana State Police Hazmat line at 1 29 p.m. Jeff Doucette of Westlake did that. At 1 40 p.m. he reported it to LEPC the local emergency planning committee and then he reported it to LDQ at 1 41 and then reported to NRC at 2 0 8. We reported it to four different agencies within an hour of the event happening and we told them what chemicals were released. The only information that wasn't provided on this first day was the volume of chemicals released because we just didn't know within an hour how much had been released. That information was provided to LDEQ a week later on August 29 2018 with an official unauthorized discharge notification report by Anthony Bonilla who was the site manager. At that time we gave the volume of each of the chemicals that were released but this information is provided by appellants in in the record at 1 65 183 186 187 188. So this information was publicly made. It was available by a FOIA request. It's available on LDEQ site and as Judge Duncan noted appellants didn't have any problem apparently figuring out who we were because they sued us within the year period. They didn't have a problem identifying the catcher chemical companies. They didn't have a problem suing us in time. The issue was on the service of that petition. I guess the only other argument that we haven't really talked about yet is 1631 which was raised by appellants that this court that the district court should have transferred the case to another jurisdiction and you know we disagree because one the appellants never asked for a transfer pursuant to 1631 to another court. They simply dismissed the non-diverse parties and then on top of that 28 USC 610 defines courts which doesn't include a state court. So this court I mean I'm sorry the western district would have had to transfer the case had they been so inclined to another federal court. There was no other federal court with jurisdiction because there was no federal question and there was no diversity at that time. So there was no place else to go but even if the court had found some someplace to transfer the case it wouldn't have solved the prescription issue. It's a procedural device. You're just tossing the court to another and we still would have been talking about prescription in whatever court got the case. So at the end of the day judges we don't believe that there was any error by the district court. Unfortunately and as as discussed in the oral argument today and in the briefs there were inadvertent omissions as as the council has been very candid about and we appreciate the candor with the court but those omissions do not they're not errors by the judge. Those are omissions of appellants including non-diverse parties and failing to serve a defendant within the one-year period in failing to raise arguments on emotion and opposition to a motion to dismiss and failing to present evidence of workers compensation claims timely and since then I mean those arguments were but these appellants still have remedies available to them. Obviously at least two of them have workers compensation claims so presuming that they were injured in the course of their employment then they have an opportunity to receive medical benefits and indemnity benefits from their employer if indeed they were harmed by the admission and they have other legal remedies available to them if necessary as documented in the court record and oral argument today. Are there any other questions I can answer for the court? Any other questions from the panel? All right thank you appreciate it we always love it when council give us time back. Thank you. All right Miss Beard we're back to you on rebuttal. Yes sir I actually did in response to Judge Wilson's question I just pulled up a citation is 434 Southern 2nd 1083 and that case is actually very much on point. A case was kicked out for preemption exception for prescription and took it up or amended it related back under Louisiana civil code article 1153 which is the state law equivalent to rule 15 and the supreme of course the district court and appellate courts both said no you can't use it to relate back to to fix the prescription issue and the supreme court said yes you can and they sent it back and told them that they needed to reopen the case essentially. Does that case have a service of process issue within it? I'm sorry I didn't look I just looked it up a second ago whenever council was talking so but I only asked I mean I know I appreciate your quick work on rebuttal I somewhat sort of tried to give you that softball to look it up and you did you're you're thinking on your feet that's what good council do but my question is we hear you in terms of you saying that Gray versus Alexander Mall covers it but segueing to the points council opposite makes is that the the failure to effectuate the service of process under Louisiana law within the one year period in my words your Achilles heel I mean it's fatal to in other words her argument the thrust of it is that you you obviously knew who the defendants were because the suit was timely filed within the one year difficulties the service didn't occur within that time period and her argument is that that's a fatal wound if you will and so I'm just asking given that you've given us the Alexandria Mall case saying it's on point in response to Judge Wilson's question okay what case do I look at under Louisiana law not kept the case but if it doesn't pertain to this glitch about service of process you know that'll be the quandary but you know we're going to read it and appreciate you giving it to us but that seems well so what's your follow-up on Miss Landry's point that notwithstanding the inadvertencies etc and all that the failure to effectuate the service of process within the one year argument is under Louisiana law since we look to substantive law that that's the uncurable aspect that rule 15 can't cleanse that that failure however inadvertently it may have occurred her argument is that the Louisiana substantive law is what gets you not the rule 15 the point you understand the question yes sir and I just don't feel like that article is substantive for me it's really more procedural and so that's why I guess I'm having such a big issue arguing the it's letting Louisiana courts decide what they feel like is a court of competent jurisdiction in federal court whenever federal court has rules that specify what is and what isn't so federal court needs to you know apply its procedure in this case and the service of process issue is just that if it's if it under Louisiana law it's not a competent also have to have service and for me it's just they're asking you essentially to apply Louisiana procedural law and and instead of federal procedural law and so I you know I guess I don't have really a better answer for you than that okay but you still got a little time you want to make a concluding you know oh your time yes sir thank you um I just feel like this case needs to be um overturned and sent back so that um my guys can get some relief here um I mean the receipt the federal procedures is clear that they have a desire for suits to be maintained and not kicked out and there is a huge issue as to liability in this case and um my guys need their day in court and I believe that the law allows for that and that's so we're asking you to reinstate their case and overrule the decision all right all right thank you to um to both counsel um miss beard and miss landry appreciate your briefing uh and your argument response to the course question very helpful to to help us uh navigate through the space we have the briefing and as noted we know that both those cases are consolidated and so in our disposition we will have that in mind as we deal with it so uh the case will be deemed submitted uh we will get it decided as quickly as we can uh thank you both for your service and you are um excused for the day have a great day um bye you're welcome